UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No: 08-CIV-14360-LENARD

**ANTHONY SPANN,**

    Petitioner,
vs.

**MICHAEL D. CREWS**,
Secretary, Florida Department of Corrections,

    Respondent.
_____/

## ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT

Petitioner, Anthony Spann, is a Florida death row inmate. On October 16, 2008, Mr. Spann filed a federal habeas petition pursuant to 28 U.S.C. §2254 that contained both exhausted and unexhausted claims. [DE 1]. In 2009, because Mr. Spann had filed a successive post-conviction petition in state court asserting actual innocence, the Court stayed the instant proceedings. [DE 29]. On June 21, 2012, Mr. Spann notified the Court that the Florida Supreme Court denied the claim and issued its mandate. [DE 30]. Accordingly, the Court re-opened this case on June 25, 2012. [DE 31]. On October 22, 2012, Mr. Spann filed a Supplemental Claim for Writ of Habeas Corpus. [DE 37]. On January 03, 2013, the State filed its Response. [DE 42]. On April 16, 2013, the Court denied Mr. Spann's petition for writ of habeas corpus, did not issue a certificate of appealability, and closed the case. [DE 45]. Thereafter, Mr. Spann did not file a Rule 59 motion or a Notice of Appeal. However, on August 20, 2013, Mr. Spann filed a pro se "Motion for Relief from Judgment under Rule 60(b)(6), Federal Rules of Civil Procedure and Request for Appointment of Conflict-Free

1

Counsel. [DE 46].  For the reasons that follow, the Motion is **DENIED**.

In his Motion, Mr. Spann argues that "Mr. Harrison III rendered ineffective assistance during the state post conviction proceeding which resulted in procedural bars and thus, precluded Petitioner from asserting these substantial claims in the 28 U.S.C. 2254 petition." ([DE 46] at 2-3).  Mr. Spann asserts that Mr. Harrison provided ineffective assistance of counsel during post-conviction when he failed to assert two claims of ineffective assistance of counsel during the guilt and penalty phases of his trial.  Here, Mr. Spann asserts that trial counsel: (1) failed to withdraw Mr. Spann's waiver of an advisory jury at sentencing, and (2) did not "contemporaneously provide a specific basis for the objection [to the testimony of a handwriting identification expert]."  Mr. Spann also asserts a overbroad and vague claim of ineffective assistance of appellate counsel[1] which he asserts should have prompted Mr. Harrison to have filed a state petition for writ of habeas corpus.  Mr. Spann closes by asserting that Mr. Harrison was ineffective for failing to file a traverse in the instant action and then Mr. Spann requests that the Court take judicial notice "of other Florida death penalty cases by which Mr. Harrison III either defaulted claims during initial review collateral proceedings and/or failed to timely file post conviction motions which resulted in procedural time bars, in considering this request for appointment of conflict free counsel." (*Id*. at 8).

Construing the Motion liberally, it appears to be primarily based on what would be categorized as an intervening change in the law.  (*See* [DE 46] at 3).  This intervening change in the law is purported to be *Martinez v. Ryan*, 132 S.Ct. 1309 (2012) and *Trevino v. Thaler*, 133 S.Ct. 1911 (2013).  However, as explained by the Supreme Court, "[i]ntervening developments in the law

---

[1] "Whether their [sic] existed issues which could have been raised by appellate counsel on direct appeal, including matters of a fundamental error, can not be asserted herein as Petitioner does not have a copy of the record." ([DE 46] at 7).

2

by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." *Agnostini v. Felton,* 521 U.S. 203, 239 (1997).  The Fifth Circuit Court of Appeals has considered this precise question and has found that "the *Martinez* decision is simply a change in decisional law and is not the kind of extraordinary circumstance that warrants relief under Rule 60(b)(6)."  *See Adams v. Thaler*, 679 F.3d 312, 320 (5th Cir. 2012).

### *Martinez v. Ryan*

On March 20, 2012, the United States Supreme Court answered the open question of whether a federal habeas court may excuse the procedural default of an ineffective assistance of counsel claim when that claim was not properly presented in state court due to post-conviction counsel's errors in an initial-review collateral proceeding.  *See Martinez*, 132 S.Ct. at 1315.  The Court found that it may.  However, *Martinez* has a very specific and narrow holding with a limited application.

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Id.* at 1309. "This opinion qualifies *Coleman* by recognizing a narrow exception: Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 1315. The limitations of the holding in *Martinez* was clear.  However, its practical application was not.

Therefore, on May 28, 2013, the United States Supreme Court reviewed the application of *Martinez* to the law in Texas governing claims which can or cannot be brought on direct appeal. The Court determined that given the procedural limitations on a habeas petitioner in Texas that *Martinez*

3

applies.

> In this case Texas state law does not say "must." It does not on its face require a defendant initially to raise an ineffective-assistance-of-trial-counsel claim in a state collateral review proceeding. Rather, that law appears at first glance to permit (but not require) the defendant initially to raise a claim of ineffective assistance of trial counsel on direct appeal. The structure and design of the Texas system in actual operation, however, make it "virtually impossible" for an ineffective assistance claim to be presented on direct review. *See Robinson v. State*, 16 S.W.3d 808, 810–811 (Tex. Crim. App.2000). We must now decide whether the *Martinez* exception applies in this procedural regime. We conclude that it does.

*Trevino*, 133 S.Ct. at 1915. As Florida's statutory scheme is similar to Texas, it is assumed that *Martinez* applies to habeas petitioners in Florida. For the purposes of this Motion, the Court will proceed with this assumption to be true.[2] Regardless, *Martinez* does not offer Mr. Spann relief. The *Martinez* Court was careful to qualify the limitations on the holding.

> The rule of *Coleman* governs in all but the limited circumstances recognized here. The holding in this case does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts. *See* 501 U.S., at 754, 111 S.Ct. 2546; *Carrier,* 477 U.S., at 488, 106 S.Ct. 2639. It does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial, even though that initial-review collateral proceeding may be deficient for other reasons.

*Id*. *Martinez* excuses a state procedural default when post-conviction counsel fails to assert a claim of ineffective assistance of counsel at the first opportunity that post-conviction counsel had to do so

---

[2] In, only very rare and limited claims of ineffective assistance of trial counsel may be brought on direct appeal in Florida. These limited claims are where the ineffectiveness is so apparent from the face of the record that no evidentiary hearing is required and where it would be "a waste of judicial resources to require the trial court to address the issue." *Ellerbee v. State*, 87 So.3d 730, 739 (Fla. 2012)(denying ineffective assistance of counsel claim without prejudice on direct appeal). Otherwise, claims of ineffective assistance are required to be raised in the first post-conviction motion. *See Bruno v. State*, 807 So.2d 55, 63 (Fla. 2001).

in the state courts. Therefore, Mr. Spann's claims for ineffective assistance of appellate counsel and his argument that Mr. Harrison rendered ineffective assistance of counsel here when he failed to file a traverse would not be cognizable in a *Martinez* proceeding.

### *Rule 60(b)(6)*

Assuming Mr. Spann's remaining two claims are cognizable, Mr. Spann's Motion was not filed within a reasonable time. Federal Rule of Civil Procedure 60(b)(6) allows relief from a final judgment, order or proceeding for "any other reason that justifies relief." Rule 60(b)(6) is not subject to the one year limitations period in Rule 60(c)(1); rather a motion pursuant to Rule 60(b)(6) must be filed within a reasonable time.

The decision in *Martinez* was issued on March 20, 2012 and the decision in *Trevino* was issued on May 28, 2013. The instant motion was filed on August 20, 2013. [DE 46]. Here, Petitioner waited over a year from the time that *Martinez* was issued and three months after *Trevino* to file the instant Motion. The Court does not find that this was "within a reasonable time" as contemplated by the Rule.

This determination is validated by the fact that this matter has been pending before the undersigned for a period of five years. [DE 1]. Yet, this is the first instance that Mr. Spann has asserted any argument regarding Mr. Harrison's ineffectiveness during the state post-conviction proceedings or the existence of any conflict of interest.

More importantly, the two claims which Mr. Spann now asserts should have been raised during his initial or amended post-conviction motions, could not have been filed by Mr. Harrison. Mr. Harrison did not represent Mr. Spann until "after Mr. Spann's state court claims for post conviction relief were litigated and denied in the state circuit court, [and] Ms. Simpson withdrew as

Mr. Spann's counsel." ([DE 4] at 2).  At the time his state Rule 3.851 motions were filed, Mr. Spann was represented by Denise Simpson, Esq.  Mr. Harrison represented Mr. Spann on appeal to the Florida Supreme Court, where claims may not be raised for the first time.  Therefore, if the instant claims had any merit they could have been asserted by Mr. Harrison as he was not, in fact, the counsel who "failed to assert a claim of ineffective assistance of counsel at the first opportunity that post-conviction counsel had to do so in the state courts."  Therefore, the Court does not find a conflict of interest to exist.

For the foregoing reasons, the Motion for Relief from Judgment [DE 46] is **DENIED**.

**DONE AND ORDERED** at Miami, Florida, this 30th day of August, 2013.

_____
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record